IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

MICHAEL D. FINN,
an individual,

        Plaintiff,

v.

Case No.: 14-008608-CO

COLLECTO, INC., d/b/a EOS CCA,
a foreign for-profit corporation, and
US ASSET MANAGEMENT, INC.,
a foreign for-profit corporation,

        Defendants.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, MICHAEL D. FINN (hereinafter, "Plaintiff"), by and through the undersigned counsel, and sues Defendants, COLLECTO, INC., d/b/a EOS CCA (hereinafter, "EOS") and US ASSET MANAGEMENT, INC. (hereinafter, "USAM") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff alleges:

### PRELIMINARY STATEMENT

This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), the Fair Debt Collection Practices Act, 15 United States Code, Section 1692a, *et seq.* (hereinafter, the "FDCPA"), and for declaratory judgment and injunctive relief in equity.

### JURISDICTION, VENUE & PARTIES

1. This is an action for damages that exceeds $5,000.00 and is less than $15,000.00, exclusive of attorneys' fees and costs.

2. Jurisdiction and venue for purposes of this action are conferred by Florida

Statutes, Sections 559.77 and 26.012, as well as 15 United States Code, Section 1692k(d).

3. At all material times herein, the conduct of Defendants, complained of below, occurred in Pinellas County, Florida.

4. At all material times herein, Plaintiff is an individual residing in Pinellas County, Florida, and Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(2) and 15 United States Code, Section 1692a(3).

5. Defendant EOS is a foreign for-profit corporation existing under the laws of the State of Massachusetts, that, itself and through its subsidiaries, regularly attempts to collect consumer debts owed or allegedly owed by consumers in Pinellas County, Florida.

6. Defendant USAM is a foreign for-profit corporation existing under the laws of the State of Delaware, that, itself and through its subsidiaries, regularly purchases or acquires consumer debts owed or allegedly owed by consumers in Pinellas County, Florida.

## GENERAL ALLEGATIONS

7. At all material times herein, Defendants are each a "debt collector" as defined by 15 United States Code, Section 1692a(6) and Florida Statutes, Section 559.55(6).

8. Defendants used interstate mail while engaging in a business the principal purpose of which is the collection of debts allegedly due another.

9. Defendants are also entities who regularly collect or attempt to directly or indirectly collect debts owed or due, or asserted to be owed or due, another.

10. At all material times herein, Defendants attempt to collect a debt, specifically an alleged balance for telephone services through AT&T, referenced by agency account number ending in -1326 and client reference number ending in -9554 (hereinafter, "Debt").

11. At all material times herein, the Debt was a consumer debt, an obligation resulting from a transaction for goods or services and was incurred primarily for personal, household, or family use.

12. Defendants acquired or received the Debt for collection–and at all times herein collected the Debt–after the Debt was in default.

13. At all material times herein, the Defendants are each a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

14. At all material times herein, Defendants' conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(5) and 15 United States Code, Section 1692a(2).

15. At all material times herein, Defendants acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

16. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendants.

## FACTUAL ALLEGATIONS

17. Prior to Defendant EOS's collection attempts, as referenced below, Defendant USAM turned the Debt over to other third-party debt collectors in its attempts to collect the Debt.

18. Plaintiff disputed the Debt with each of Defendant USAM's previous third-party debt collectors. Each of said debt collectors advised Defendant USAM of Plaintiff's dispute of the Debt.

19. On or before March 1, 2013, Defendant USAM turned the Debt over to Defendant EOS for servicing, collection, or both. When Defendant USAM turned the Debt over to Defendant EOS, Defendant USAM advised Defendant EOS of Plaintiff's dispute of the Debt.

20. On or about March 1, 2013, Defendants sent Plaintiff a collection letter in an attempt to collect the Debt. Please see attached a true and correct copy of said collection letter labeled as Exhibit "A1-A2."

21. On or before March 19, 2013, Plaintiff retained Westerman White Zetrouer, P.A. (hereinafter, "Initial Counsel") with regard to the Debt.

22. On or about March 19, 2013, Initial Counsel sent Defendants a certified letter which gave: (1) Defendants actual notice that Plaintiff disputed the validity of the Debt; (2) actual notice that Plaintiff requested validation and verification of the Debt; (3) actual notice of Initial Counsel's representation of Plaintiff with regard to the Debt. Said letter also provided Initial Counsel's contact information and advised that all future communication regarding the Debt should be directed to Initial Counsel's office (hereinafter, "Notice"). Please see attached a true and correct copy of said Notice, certified mail receipt, and delivery confirmation page labeled as Exhibit "B1-B2."

23. To date, Defendants have failed to comply with Plaintiff's request for validation of the Debt pursuant to 15 United States Code, Section 1692g(a)(1)-(5).

24. On or about November 18, 2013, despite Defendants: (1) having received the Notice; (2) possessing actual knowledge of Plaintiff's dispute of the Debt; (3) possessing actual knowledge of Plaintiff's request for validation of the Debt; (4) possessing actual knowledge of Initial Counsel's representation of Plaintiff with regard to the Debt; (5) possessing actual knowledge of Initial Counsel's contact information; and (6) having been advised that all future

communication regarding the Debt should be directed to Initial Counsel's office, Defendants sent Plaintiff a collection letter in an attempt to collect the Debt. Please see attached a true and correct copy of said collection letter labeled as Exhibit "C1-C2."

25. On or about June 25, 2014, despite Defendants: (1) having received the Notice; (2) possessing actual knowledge of Plaintiff's dispute of the Debt; (3) possessing actual knowledge of Plaintiff's request for validation of the Debt; (4) possessing actual knowledge of Initial Counsel's representation of Plaintiff with regard to the Debt; (5) possessing actual knowledge of Initial Counsel's contact information; and (6) having been advised that all future communication regarding the Debt should be directed to Initial Counsel's office, Defendants sent Plaintiff a collection letter in an attempt to collect the Debt. Please see attached a true and correct copy of said collection letter labeled as Exhibit "D1-D2."

26. Despite having been repeatedly advised of Initial Counsel's representation of Plaintiff with regard to the Debt, repeatedly having been advised of Plaintiff's dispute of the Debt, and Plaintiff repeatedly requesting validation of the Debt, Defendants continue to attempt to collect the Debt directly from Plaintiff in violation of the FCCPA and the FDCPA.

27. Defendants' conduct, as described above, is a knowing, willful, and continuing violation of Plaintiff's rights, as enumerated under federal and state law.

28. Given Defendants' conduct, and their apparent intention and ability to continue to collect the Debt directly from Plaintiff in violation of said debt collection laws, Plaintiff has no adequate remedy at law.

29. Plaintiff has retained Leavengood, Dauval, Boyle, & Meyer, P.A. for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

30. Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages against each Defendant, actual damages, and award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

31. United States Code, Title 15, Section 1692k provides for the award of up to $1,000.00 statutory damages, actual damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

32. As of the date of this complaint, Defendants have not initiated a law suit in an attempt to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendants.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(3)

Plaintiff re-alleges paragraphs one (1) through thirty-two (32) as if fully restated herein and further states as follows:

33. Defendants are each subject to, and have separately violated the provisions of, Florida Statutes, Section 559.72(3) by advising Plaintiff that, despite Plaintiff's dispute of the Debt, Defendant's representative will disclose information affecting Plaintiff's reputation without also disclosing that the Debt is disputed.

34. Specifically, Plaintiff disputed the Debt to each of Defendant USAM's third-party debt collectors who attempted to collect the Debt prior to Defendant EOS.

35. Each of said previous debt collectors advised Defendant USAM of Plaintiff's dispute of the Debt.

36. Defendant USAM advised Defendant EOS of Plaintiff's previous disputes of the Debt.

37. Defendant EOS, on Defendant USAM's behalf, and with its consent, knowledge, and approval, sent Plaintiff a collection letter which threatened to report the Debt to the credit bureaus without also advising Plaintiff that his previous disputes would also be disclosed. *See* Exhibit "A1-A2."

38. The immediately-aforementioned letter constitutes an indirect attempt by Defendant USAM to collect the Debt from Plaintiff.

39. As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES SECTION 559.72(9)

Plaintiff re-alleges paragraphs one (1) through thirty-two (32) as if fully restated herein and further states as follows:

40. Defendants are each subject to, and have separately violated the provisions of, Florida Statutes, Section 559.72(9) by attempting to collect the Debt with knowledge that the Debt is not legitimate or asserting the existence of the legal right with the knowledge that the right does not exist.

41. Defendants knew that the Debt was not legitimate, as Plaintiff was not responsible or in any way personally liable for the Debt.

42. Despite having the above-referenced knowledge, Defendants attempted to collect the Debt from Plaintiff.

43. Further, Defendants received notice of Plaintiff's disputes of the Debt. Despite said notice, Defendants sent Plaintiff a collection letter which threatened disclosure of the Debt to the credit bureaus without also advising Plaintiff that his dispute would be disclosed too.

44. Additionally, Plaintiff requested validation of the Debt in the March 19, 2013 Notice. To date, Defendants have failed to send Plaintiff any documentation validating the Debt, as such Defendants are prohibited from continued attempts to collect the Debt until said validations are provided.

45. Defendants, however, sent Plaintiff two (2) collection letters dated November 18, 2013 and June 25, 2014, respectively. Defendants knew they could not attempt to collect the Debt until they provided said validations. As such, Defendants asserted the legal right to collect despite failing to validate the Debt as required by 15 United States Code, Section 1692g(a)(1)-(5).

46. Furthermore, Defendants had knowledge of Initial Counsel's representation of Plaintiff with regard to the Debt. Despite said knowledge, Defendants sent two (2) collection letters to Plaintiff and asserted the legal right to communicate directly with a known represented party. Defendants knew they did not have such a right.

47. As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

### COUNT THREE:
### UNLAWFUL DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)

Plaintiff re-alleges paragraphs one (1) through thirty-two (32) as if fully restated herein and further states as follows:

48. Defendants are each subject to, and have separately violated the provisions of, Florida Statutes, Section 559.72(18) by communicating with Plaintiff after receiving actual notice that Plaintiff was represented by counsel with regard to the underlying Debt.

49. Defendants possessed actual knowledge of Initial Counsel's representation of Plaintiff with regard to the Debt via the Notice, dated March 19, 2013.

50. Despite having said knowledge, Defendant EOS, on Defendant USAM's behalf, and with its consent, knowledge, and approval, sent Plaintiff two (2) collection letters dated November 18, 2013 and June 25, 2014, respectively.

51. Further, Defendant EOS's aforementioned collection letters constitute an indirect attempt by Defendant USAM to collect the Debt from Plaintiff.

52. As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

### COUNT FOUR:
### FAIR DEBT COLLECTION PRACTICES ACT –
### **VIOLATION OF 15 UNITED STATES CODE, SECTION 1692c(a)(2)**

Plaintiff re-alleges paragraphs one (1) through thirty-two (32) as if fully restated herein and further states as follows:

53. Defendants are each subject to, and have separately violated the provisions of, 15 United States Code, Section 1692c(a)(2) by communicating with Plaintiff despite Defendant having knowledge that Plaintiff was represented by legal counsel and knowledge of legal counsel's contact information.

54. Defendants possessed actual knowledge of Initial Counsel's representation of Plaintiff with regard to the Debt via the Notice, dated March 19, 2013.

55. Despite having said knowledge, Defendant EOS, on Defendant USAM's behalf, and with its consent, knowledge, and approval, sent Plaintiff two (2) collection letters dated November 18, 2013 and June 25, 2014, respectively.

56. Further, Defendant EOS's aforementioned collection letters constitute an indirect attempt by Defendant USAM to collect the Debt from Plaintiff.

57. As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

## COUNT FIVE:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1692f(1)

Plaintiff re-alleges paragraphs one (1) through thirty-two (32) as if fully restated herein and further states as follows:

58. Defendants are each subject to, and have separately violated the provisions of, 15 United States Code, Section 1692f(1) by using unfair or unconscionable means to collect or attempt to collect the Debt by collecting amounts including interest, fee, charge, or expense incidental to the principal obligation, where such amount is not expressly authorized by the agreement creating the Debt or permitted by law.

59. Defendants knew that Plaintiff was not responsible or, in any way, personally liable for the Debt.

60. Despite having the above-referenced knowledge, Defendants attempted to collect the Debt from Plaintiff.

61. As such, Defendants attempted to collect amounts that were not authorized by any agreement creating the Debt, and strictly prohibited by law.

62. As a direct and approximate result of Defendants' actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

## COUNT SIX:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1692g(b)

Plaintiff re-alleges paragraphs one (1) through thirty-two (32) as if fully restated herein and further states as follows:

63. Defendants are subject to, and have separately violated the provisions of, 15 United States Code, Section 1692g(b) by communicating with the consumer in a manner which overshadows or is inconsistent with the disclosure of the consumer's rights under section 1692g(a), and by attempting to collect the Debt prior to sending Plaintiff the requested validation documents.

64. Defendants possessed knowledge of Plaintiff's dispute of the Debt and request for validation pursuant to 15 United States Code, Section 1692g(a) via the Notice, dated March 19, 2013. To date, however, Defendants have failed to comply with Plaintiff's validation request.

65. Despite having not complied with Plaintiff's request for validation, Defendants sent Plaintiff two (2) collection letters dated November 18, 2013 and June 25, 2014, respectively.

66. As such, Defendants have violated 15 United States Code, Section 1692g(b).

67. As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

## COUNT SEVEN:
## DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff re-alleges paragraphs one (1) through thirty-two (32) as if fully restated herein and further states as follows:

68. Unless the Defendants are immediately enjoined from continuing to attempt to collect the Debt from Plaintiff in violation of the FCCPA and FDCPA, Plaintiff will suffer irreparable injury.

69. Plaintiff has no adequate remedy at law.

70. Plaintiff has a clear legal right to the protections of the FCCPA and the FDCPA.

71. Given Defendants' conduct, and their apparent intention and ability to continue to collect the Debt directly from Plaintiff in violation of said debt collection laws, Plaintiff has no adequate remedy at law. Plaintiff needs and is entitled to injunctive relief.

72. The requested injunction is reasonably necessary to protect the legal rights of Plaintiff and will have no adverse effect on the public welfare.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

### SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

Respectfully submitted,
**LEAVENLAW.**

/s/ *Aaron M. Swift*
**Ian R. Leavengood, Esq., FBN 0010167**
**Aaron M. Swift, Esq., FBN 0093088**
**G. Tyler Bannon, Esq., FBN 0105718**
**Gregory H. Lercher, Esq., FBN 0106991**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
tbannon@leavenlaw.com
glercher@leavenlaw.com
*Attorneys for Plaintiff*



EOS CCA
700 LONGWATER DRIVE
NORWELL, MA 02061

Toll Free : 1-877-277-3770
Phone Number: 1-972-392-0468

March 1, 2013

Office Hours:
Monday - Thursday: 8:00 AM - 9:00 PM CT
Friday: 8:00 AM - 5:00 PM CT
Saturday: 8:00 AM - 12:00 PM CT

## NOTICE OF COLLECTION PLACEMENT

**RE:**
Your Account with our Client: **US ASSET MANAGEMENT INC**
Client Reference #: 523002439554
Agency Account #: 5171326
Original Creditor, If different from Client: AT&T MOBILITY

| | |
|---|---|
| Principal: | $ 1117.97 |
| Interest: | $ 259.27 |
| Fees/Coll Costs: | $ 201.25 |
| Other Accounts: | $ 0.00 |
| Total Due: | $ 1578.49 |

US ASSET MANAGEMENT INC has placed your account with us for collection. This is a demand for payment of your debt. We urge you to remit payment to our office, unless you dispute this debt.
US ASSET MANAGEMENT INC ha puesto su cuenta con nosotros para la colección. Esta es una demanda de pago de su deuda. Le recomendamos que envíe su pago a nuestra oficina si usted debe esta deuda.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.
Esta comunicación es de un cobrador de deudas. Esto es un intento para cobrar una deuda y cualquier información obtenida será usada para ese propósito.

Note: Your account may be accruing interest on a daily basis; please contact our office for an exact payoff amount.
Nota: Su cuenta puede ser interés que se acrecienta sobre una base diaria; entre en contacto con por favor nuestra oficina para una cantidad exacta de la rentabilidad.

We may report information about your account to credit bureaus.
Información sobre su cuenta puede ser reportada a la Oficina de Credito (Credit Bureau).

To make a payment by touch tone phone, on the web or by credit card, please see reverse side.
Para hacer un pago vía su telefono, internet o vía una tarjeta de credito, por favor debuela a la carta.

PDP-5171326-11-030113-341-21133-75
PLEASE SEE REVERSE SIDE FOR IMPORTANT RIGHTS *** FAVOR DE LEER SUS DERECHOS IMPORTANTES AL OTRO LA DO
✂ Detach Bottom Portion And Return With Payment   ✂Devuelva esta porción con su pago

EOS CCA
PO BOX 296
NORWELL, MA 02061-0296
FORWARD SERVICE REQUESTED

| Account # : | Client Reference # : | Total Due : |
|---|---|---|
| 5171326 | 523002439554 | |
| Client: US ASSET MANAGEMENT INC | | |

PERSONAL & CONFIDENTIAL
PDP-5171326-11-030113-341-21133-75

****************ALL FOR ADC 335
MICHAEL FINN
12274 1ST ST W APT 3A
TREASURE ISLAND FL 33706-5184



MAIL ALL PAYMENTS AND CORRESPONDENCE TO:

EOS CCA
PO BOX 5055
NORWELL, MA 02061-5055



EXHIBIT
A1

### FEDERAL LAW/LEY FEDERAL

Unless you dispute the validity of this debt, or any portion thereof, within thirty days after receipt of this notice, we shall assume the debt to be valid. If you notify us in writing of your dispute within this thirty-day period, we will obtain verification of the debt, or a copy of a judgment against you, and a copy of such verification or judgment will be mailed to you. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

A menos que usted dispute la validez de esta deuda, o cualquier porción de eso, en el plazo de treinta días después del recibo de este aviso, asumiremos la deuda para ser válidos. Si usted nos notifica en la escritura de su conflicto dentro de este período de treinta días, obtendremos la verificación de la deuda, y una copia de tal verificación o juicio será enviada a usted. Por su requerimiento escrito dentro del período de treinta días, proveeremos de usted el nombre y la dirección del acreedor original, si es diferente del acreedor actual.

### PHONE OR WEB PAYMENT/PAGO VIA EL TELEFONO O EL INTERNET

To make an automated payment via your touch tone phone, please call 877-365-9900, or to make a secure on-line payment via the web, please visit eoscca.solvemydebt.com. When prompted, please enter your account number and security code as provided below.

Para hacer un pago automatizado a travez de su telefono de tonos, por favor llame al 877-365-9900, o para hacer un pago seguro en linea a travez de la web, por favor visite eoscca.solvemydebt.com. Cuando se le solicite, introduzca su número de cuenta y código de seguridad previstas a continuación.

Account Number/Número de cuenta: **5171326**      Security Code/Código de Seguridad: **439554**

If you wish to pay by VISA or MasterCard, fill in the information below and return.

Credit Card Number                                    Check One: ☐ VISA ☐ MC

☐☐☐☐ - ☐☐☐☐ - ☐☐☐☐ - ☐☐☐☐

Payment Amount: ▓▓▓▓▓▓      Expiration Date: ▓▓▓▓▓▓

Card Holder Name      Signature of Card Holder      Date



EXHIBIT
A2



# WESTERMAN WHITE ZETROUER, P.A.
Attorneys & Counselors at Law

146 2nd Street N., Suite 100
Saint Petersburg, FL 33701

Telephone: 727/329-8956
Facsimile: 727/329-8960
www.wwz-law.com

Tyson J. Pulsifer, Esq.
tpulsifer@wwz-law.com

March 19, 2013

EOS CCA
700 Longwater Drive
Norwell, MA 02061

**Sent via Certified Mail 7012 1010 0003 5131 0023**
**Return Receipt Requested**

Re: US Asset Management, Inc.
    Account # 5171326; Michael D. Finn

Dear Relevant Person,

My client advises he has previously advised the numerous predecessors who have attempted collection on this account that yes, he indeed disputes same, and we therefore demand copies of any documentation establishing my client's personal obligation on this debt which we maintain was contracted exclusively by Identica Holdings, Inc.

Pursuant to U.S.C. § 1692c and Fla. Stat. § 559.72(18), you are statutorily required to restrict any and all communication on this matter exclusively to these offices.

Therefore, please be accordingly guided.

Very truly yours,

Tyson J. Pulsifer, Esq.

**EXHIBIT B1**

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $

Postmark Here 3/19/13

Sent To: EOS CCA
Street, Apt. No.; or PO Box No.: 700 Longwater Dr.
City, State, ZIP+4: Norwell, MA 02061

PS Form 3800, August 2006    See Reverse for Instructions

English     Customer Service     USPS Mobile        Register / Sign In


USPS.COM

Search USPS.com or Track Packages

## USPS Tracking™

✉ Customer Service ›
Have questions? We're here to help.

Tracking Number: **70121010000351310023**

### Product & Tracking Information

**Postal Product:**     **Features:**
Certified Mail™

Available Actions

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **March 23, 2013, 10:49 am** | Delivered | NORWELL, MA 02061 |
| March 23, 2013, 9:56 am | Arrival at Unit | NORWELL, MA 02061 |
| March 23, 2013, 5:30 am | Depart USPS Sort Facility | BROCKTON, MA 02301 |
| March 22, 2013, 11:59 pm | Processed through USPS Sort Facility | BROCKTON, MA 02301 |
| March 22, 2013, 7:47 pm | Depart USPS Sort Facility | BROCKTON, MA 02301 |
| March 20, 2013, 10:37 pm | Depart USPS Sort Facility | TAMPA, FL 33630 |
| March 20, 2013, 8:51 pm | Processed through USPS Sort Facility | TAMPA, FL 33630 |

### Track Another Package

What's your tracking (or receipt) number?

_____    Track It


EXHIBIT B2

| LEGAL | ON USPS.COM | ON ABOUT.USPS.COM | OTHER USPS SITES |
|---|---|---|---|
| Privacy Policy › | Government Services › | About USPS Home › | Business Customer Gateway › |
| Terms of Use › | Buy Stamps & Shop › | Newsroom › | Postal Inspectors › |
| FOIA › | Print a Label with Postage › | USPS Service Alerts › | Inspector General › |
| No FEAR Act EEO Data › | Customer Service › | Forms & Publications › | Postal Explorer › |
| | Delivering Solutions to the Last Mile › | Careers › | National Postal Museum › |
| | Site Index › | | |



EOS CCA
700 LONGWATER DRIVE
NORWELL, MA 02061

Toll Free : **1-877-277-4882**
Phone Number: **1-781-753-4001**



November 18, 2013

**Office Hours:**
Monday - Thursday:     8:00 AM - 9:00 PM  ET
Friday:                8:00 AM - 5:00 PM  ET
Saturday:              8:00 AM - 12:00 PM ET

## SETTLEMENT OFFER

**RE:**
Your Account with our Client: **US ASSET MANAGEMENT INC**
Client Reference #: **523002439554**
Agency Account #: **5171326**
Original Creditor, if different from Client: **AT&T MOBILITY**

| | |
|---|---:|
| Principal: $ | 1117.97 |
| Interest: $ | 352.53 |
| Fees/Coll Costs: $ | 201.25 |
| Other Accounts: $ | 0.00 |
| Total Due: $ | 1671.75 |

Our client has authorized the following resolution to your balance as noted above:

Lump Sum Settlement of 1 payment of **$1170.23** to be paid no later than **12/18/13**.

If you are mailing your payment, please be sure to check off the settlement box on the coupon below and include with your payment. Please complete the reverse side of the coupon if you wish to pay your bill with your credit card by mail. We are not obligated to renew this offer.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Should you choose not to take advantage of this offer, your account may be accruing interest on a daily basis; please contact our office for an exact payoff amount.

**PHONE OR WEB PAYMENT**
To make an automated payment via your touch tone phone, please call 877-365-9900, or to make a secure on-line payment via the web, please visit eoscca.solvemydebt.com. When prompted, please enter your account number and security code as provided below. Please retain this information for future payments as another reminder letter will not be issued.

Account Number: **5171326**                    Security Code: **439554**

---

PDP-5171326-170-111813-348-A2B-18814-63     ✂ Detach Bottom Portion And Return With Payment ✂

EOS CCA
PO BOX 981002
BOSTON, MA 02298-1002



**FORWARD SERVICE REQUESTED**

| Account # : | Client Reference # : | Total Due : |
|---|---|---|
| 5171326 | 523002439554 | $1671.75 |
| Client : US ASSET MANAGEMENT INC | | |

**PERSONAL & CONFIDENTIAL**
PDP-5171326-170-111813-348-A2B-18814-63

||l.|.l..lll..lll.ll.l.l.l..lll..llll.ll.ll.ll..l.lll

*************ALL FOR ADC 335
MICHAEL FINN
12274 1ST ST W APT 33A
TREASURE ISLAND FL 33706-5146

l..ll..ll.l..lll..ll..l.l..ll.l.l.ll.l.l.l..l.l..l..ll



EXHIBIT
C1

**MAIL ALL PAYMENTS AND CORRESPONDENCE TO**

EOS CCA
PO BOX 981008
BOSTON, MA 02298-1008

☐ Check here for 1 payment of $1170.23 due by 12/18/13

 

EOS CCA
700 LONGWATER DRIVE
NORWELL, MA 02061

Toll Free : **1-877-277-4882**
Phone Number: **1-781-753-4001**

June 25, 2014

**Office Hours:**
Monday - Thursday: 8:00 AM - 9:00 PM ET
Friday: 8:00 AM - 5:00 PM ET
Saturday: 8:00 AM - 12:00 PM ET

## SETTLEMENT OFFER

**RE:**
Your Account with our Client: **US ASSET MANAGEMENT INC**
Client Reference #: **523002439554**
Agency Account #: **5171326**
Original Creditor, if different from Client: **AT&T MOBILITY**

| | |
|---|---|
| Principal: | $ 1117.97 |
| Interest: | $ 0.00 |
| Fees/Coll Costs: | $ 201.25 |
| Other Accounts: | $ 0.00 |
| Total Due: | $ 1319.22 |

Our client has authorized the following resolution to your balance as noted above:
Lump Sum Settlement of 1 payment of **$659.61** to be paid no later than **07/25/14**.

If you are mailing your payment, please be sure to check off the settlement box on the coupon below and include with your payment. Please complete the reverse side of the coupon if you wish to pay your bill with your credit card by mail. We are not obligated to renew this offer.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

To make a payment by touch tone phone, on the web or by credit card, please see reverse side.

---

PDP-5171326-170-062514-348-A2B-07560-31    ✂ Detach Bottom Portion And Return With Payment ✂

EOS CCA
PO BOX 981002
BOSTON, MA 02298-1002   

FORWARD SERVICE REQUESTED

| Account # : | Client Reference # : | Total Due : |
|---|---|---|
| 5171326 | 523002439554 | $1319.22 |

| Client: US ASSET MANAGEMENT INC |
|---|

**PERSONAL & CONFIDENTIAL**
PDP-5171326-170-062514-348-A2B-07560-31

**MAIL ALL PAYMENTS AND CORRESPONDENCE TO:**

*******************ALL FOR ADC 335
MICHAEL FINN
12274 1ST ST W APT 33A
TREASURE ISLAND FL 33706-5146

EOS CCA
PO BOX 981008
BOSTON, MA 02298-1008



EXHIBIT
**D1**

☐ Check here for 1 payment of **$659.61** due by **07/25/14**

**PHONE OR WEB PAYMENT**

To make an automated payment via your touch tone phone, please call 877-365-9900, or to make a secure on-line payment via the web, please visit eoscca.solvemydebt.com. When prompted, please enter your account number and security code as provided below.

**Account Number: 5171326**          **Security Code: 439554**

If you wish to pay by VISA or MasterCard, fill in the information below and return.

Credit Card Number             Check One: ☐ VISA ☐ MasterCard

☐☐☐☐ - ☐☐☐☐ - ☐☐☐☐ - ☐☐☐☐

Payment Amount: _____    Expiration Date: _____

**EXHIBIT D2**

Card Holder Name    Signature of Card Holder    Date